## Vedder *vs.* Wilkins.

The rule of evidence which permits a party to a suit to give evidence on his own behalf to the court, touching the loss or destruction of a paper, in order to lay a foundation for the admission of secondary evidence, is not limited to facts peculiarly within the knowledge of the party—as that the paper is not in his own possession—but allows him to testify to any matters pertinent to the inquiry.

EJECTMENT, tried at the Albany circuit, in April, 1846, before PARKER, Cir. J.

The plaintiff attempted to make title under a will alleged to have been made by Myndert Vedder in 1759. The original will had been in the possession of Tunis Van Vechten, a witness for the plaintiff, about twenty years before the trial. He caused a copy to be made and then returned the original to John I. Evertson, from whom he had received it and who died several years since. The plaintiff sought to read this copy in evidence, on making proof that the original, which had never been proved or recorded, had been lost or destroyed. To prove such loss or destruction he examined several witnesses; after which the plaintiff, who was a descendant of the testator, was sworn on his own behalf, touching the loss or destruction of the will. He testified that it was not and never had been in his possession, and that he did not know where it was. He was then inquired of by his own counsel whether he had made any and what search for it elsewhere than among his own papers. The defendant's counsel objected to the question, and the judge sustained the objection. The plaintiff's counsel excepted. The judge ultimately held that sufficient had not been proved to authorize secondary evidence of the will to be given, and nonsuited the plaintiff.

*J. Van Buren*, for the plaintiff, among other points insisted that as the evidence on the preliminary inquiry was addressed to the court, an interested witness or the party himself was competent to give testimony. He referred to *Jackson* v. *Frier*

Vedder *v.* Wilkins.

(16 *John.* 193 ;) *Chamberlain* v. *Gorham,* (20 *id.* 144 ;) *Dan* v. *Brown,* (4 *Cowen,* 483 ;) *Jackson* v. *Betts,* (6 *id.* 377 ;) and *Cowen & Hill's Notes, p.* 1218.

*S. Stevens,* for the defendant, said that the admission of the party as a witness to prove that a document was not in his own possession was reasonable ; but if the rule went farther and allowed him to give testimony as to facts not necessarily confined to his personal knowledge, it was not founded on principle and ought not to be sustained.

*By the Court,* McKissock, J. The practice that prevails of allowing a party or an interested person to testify to certain matters in the progress of a cause, does not arise from the necessity of the case, or because he alone is supposed to possess the knowledge of the facts to be shown, as was urged on the argument ; but it is permitted because the evidence is collateral and addressed to the court. Hence we daily see parties testifying to matters of which other persons might be as well informed as they—such as notices to produce papers, the death of a subscribing witness or that he is out of the state, or the like. The cases cited by the plaintiff's counsel show the rule to be well settled both in this court and in the court for the correction of errors. This practice is entirely familiar, and it appears difficult to see any difference in principle between it and the right of the plaintiff here to be allowed to testify to a search at large for the paper of which he sought to give parol evidence. As far as I am informed it is usual to allow a party to give evidence by his own oath of search generally, for papers asserted to be lost or destroyed. The plaintiff should have been permitted to answer the inquiry which was objected to.

New trial granted.